IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:26-CV-13-D-KS

| | | |
|---|---|---|
| CYNTHIA M. YODER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM & |
| | ) | RECOMMENDATION |
| FRANK BISIGNANO, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This pro se case is before the court on the application [DE #2] of Cynthia M. Yoder ("Plaintiff") to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The matter has been referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1) by the Honorable James C. Dever III, United States District Judge.

## DISCUSSION

### I. IFP Application

The standard for determining in forma pauperis status is whether "one cannot because of his poverty pay or give security for the costs. . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Based on the information contained in Plaintiff's financial affidavit, it appears that Plaintiff meets this standard. Thus, it is recommended that Plaintiff's application to proceed in forma pauperis be allowed.

## II.    Frivolity Review

### A.    Standard for Review

Notwithstanding the determination that Plaintiff is entitled to in forma pauperis status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. In making the "inherently elastic" frivolity determination, *Nagy v. FMC Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004), the court may "apply common sense," *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to give a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement

2

that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of suit as frivolous where complaint "failed to contain any factual allegations tending to support [plaintiff's] bare assertion"). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013).

### B.     Frivolity Analysis

A review of Plaintiff's filings suggests protracted litigation (administrative and judicial) since 2006 over one or more claims for disability insurance benefits filed by Plaintiff. Following federal court remand, a decision was issued by an administrative law judge on July 29, 2024. (Appeals Council Notice [DE #1-3 at 3–4].) On December 13, 2025, the Appeals Council declined to assume jurisdiction. (*Id.*) At that time, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.984(b)(2), 416.1484(b)(2). Plaintiff initiated this action on January 27, 2026. In a filing accompanying her complaint, Plaintiff states she is requesting that this court

> revers[e] the final decision of the Defendant, the Commissioner of Social Security, and order that benefits be awarded as Plaintiff believes the ALJ's and the Appeals process did not consider the substantial medical evidence as it appears all decision makers just followed the lead, error

3

of the first the ALJ and disregarded the medical evidence from her treating physician.

(Pl.'s Mem. Law [DE #1-4] at 6.) Alternatively, Plaintiff requests that "this case be remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g)." (*Id.*) Liberally construing this filing as part of Plaintiff's complaint, the undersigned finds that Plaintiff brings this action seeking judicial review of the agency's final administrative decision pursuant to 42 U.S.C. § 405(g). Based on the information presently before the court, the undersigned find this claim survives frivolity review.

Plaintiff's filings lodge various other accusations or purported claims against the Commissioner of Social Security in connection with the processing of Plaintiff's Social Security disability claim, including judicial misconduct, discrimination, negligence, and civil rights violations. Section 405(g) of Title 42 of the United States Code provides the exclusive remedy for claims arising under the Social Security Act ("SSA"). 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."). Plaintiff's claims all arise under the SSA. *See Lucas v. United States*, No. 2:18-CV-59-FL, 2020 WL 1702224, at *4 (E.D.N.C. Apr. 7, 2020) ("A claim arises under the SSA when the SSA 'provides both the standing and the substantive basis' for plaintiff's claims. In other words, a . . . claim is barred where '[a] trial of the present action would require

4

a relitigation of the denial of social security benefits.'" (citation omitted) (first quoting *Weinberger v. Salfi*, 422 U.S. 749, 760–61 (1975); and then quoting *Jarrett v. United States*, 874 F.2d 201, 204 (4th Cir. 1989))), *aff'd*, 823 F. App'x 176 (4th Cir. 2020). Accordingly, all claims other than Plaintiff's claim for judicial review should be dismissed as frivolous or for failure to state a claim.

## CONCLUSION

For the reasons stated above, it is RECOMMENDED as follows:

1.      that Plaintiff's application to proceed in forma pauperis [DE #2] be ALLOWED;

2.      that Plaintiff's Complaint be construed as an action for judicial review pursuant to 42 U.S.C. § 405(g) of the final administrative decision issued by the Commissioner on December 13, 2025, and that the Clerk be directed to continue management of the case under the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g); and

3.      that any other claims set forth in Plaintiff's complaint be dismissed as frivolous or for failure to state a claim.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff shall have until **March 3, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and

Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b) (E.D.N.C. May 2023).

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 17th day of February 2026.

KIMBERLY A. SWANK
United States Magistrate Judge

6